HALVERSON, Appellant, v. WILLIAMS, Mayor et al., Respondents.

(160 N. W. 730.)

(File No. 3977.   Opinion filed December 30, 1916.)

1.  Municipal Corporations—Claims Against, Relative Rights of Mayor and Council, to Allow—Council's Right to Defend Suit.
    Under Pol. Code, Sec. 1229, Subds. 1 and 2, the city council, not the mayor, is given control of city's finances and power to appropriate money for city purposes; it is the right and duty of the council to allow or reject claims against the city, and to prosecute or defend actions by or against it; and it is also the mayor's duty to notify the council and city attorney of the commencement of an action against the city; and, he having failed to do so, judgments recovered against the city merely upon service of summons upon the mayor, and without notice to the city council, amount to legal fraud upon the city, and are not sanctioned by law.

2.  Municipal Corporations—Mandamus, to Enforce Judgments Against City—Judicial Discretion—Judgments Without Notice to Council—City's Right to Test Judgments.
    In a proceeding by mandamus to compel defendant city to pay certain judgments recovered collusively and fraudulently against the city, whose council had not been notified of the pendency of the actions, held, that it was not only within the discretion, but it was the duty, of the trial judge to refuse to grant a peremptory writ until the city had been given an opportunity to test validity of said judgments in an action

brought for that purpose; the granting of such writ not being matter of absolute right, but resting in sound judicial discretion.

Appeal from Circuit Court, Turner County. Hon. ROBERT B. TRIPP, Judge.

Mandamus by Alfred Halverson, against Frank Williams, as Mayor, T. I. Gunderson and others, as Aldermen, and Soren Christensen, as Auditor, of the city of Centerville, to compel defendant city to pay certain judgments in favor of plaintiff. From a judgment for defendants, conditionally, and from an order denying a new trial, plaintiff appeals. Judgment and order affirmed.

*Bogue & Bogue,* for Appellant.

*W. R. White,* and *A. L. Wyman,* for Respondents.

(1) To point one of the opinion, Respondents cited: Pol. Code, Sec. 1191.

(2) To point two of the opinion, Appellant cited: Potomac Oil Co. et al. vs. Dye, (Cal.) 102 Pac. 677.

Respondents cited: Kane v. Ind. School Dist. (Iowa) 47 N. W. 1076; Kelly v. Town of Milan, 127 U. S. 139, 8 Sup. Ct. 1101.

POLLEY, P. J.   This is a proceeding in mandamus and was commenced by the plaintiff to compel the defendant (the city of Centerville) to pay five separate judgments held by plaintiff against the defendant. The defendant answered the alternative writ of mandamus and alleged that said judgments had been obtained fraudulently and by collusion between the plaintiff and the mayor of the defendant city. Paragraph 3 of defendant's answer reads as follows:

"That said purported judgments were secured by the papers being served on the mayor, W. E. Ege, who, together with the plaintiff, Alfred Halverson, by reason of the friendly feeling existing between them and the unfriendly feeling existing between the said mayor, W. E. Ege, and the members of the said city council of the city of Centerville, S. D., fraudulently, collusively, and secretly kept the fact of the serving of said papers in said actions from in any way being communicated to the members of the city council, and also from the city attorney, and permitted said plaintiff, Alfred Halverson,

12—Vol. 38, S. D.

to take judgment against said city of Centerville by default, and the city council and the city attorney knew nothing whatever about any actions being begun against the said city of Centerville, nor that any judgments had been rendered until during the month of June, 1915, when they were notified of the fact. That said city of Centerville had and still has a good defense to such actions, but has had no opportunity to defend, or, in other words, the said city has not had its day in court."

Upon the trial of the case, the trial court made and entered the following order or judgment:

"* * * It is, by the court, ordered, adjudged, and decreed that plaintiff's application for a peremptory writ of mandamus herein be and the same is denied; and it is further ordered that in the event that the city of Centerville does not institute the proceedings indicated in the conclusions of law filed herein for the vacation of the several judgments which are the basis of this action, within 30 days from and after the receipt of written notice of this order, upon proper showing and application to this court by plaintiff, and peremptory writ of mandamus will issue."

A motion by plaintiff for a new trial was overruled, and, from said judgment and the order overruling the motion for a new trial, plaintiff appeals.

[1] The controversy between plaintiff and defendants arose over the payment of plaintiff's salary while claiming to act as chief of police of the defendant city. At the end of each month, plaintiff presented his claim to the defendant city for pay for his services at the rate of $75 per month. Said defendant denied that plaintiff had ever been legally appointed chief of police and rejected said claims, and plaintiff commenced actions before a county justice of the peace upon each of said claims as they accrued. Summons in each case was served upon the mayor of the defendant city, who failed to appear or defend in said actions or to notify the city council thereof, and judgment by default was entered against the city in each case. This continued until five separate judgments had been obtained; the last one being dated February 15, 1915. Notice of the commencement of said actions was not brought to the city council until some time during the following month of June. It was then too late to appeal,

and the city had no way of testing said judgments except by direct action against the plaintiff to set them aside. ·

It is contended by appellant that the mayor was the sole judge of the plaintiff's right of recovery, and that it was not incumbent upon him to notify the city council of the commencement of said actions, nor to consult them in the matter of permitting the plaintiff to take judgments therein. This contention is wholly without merit. It is the city council, and not the mayor, that is given control of the city's finances and the power to appropriate money for city purposes. Subdivisions 1 and 2 of section 1229, Pol. Code. This carries with it the right and the duty on the part of. a city council to allow or reject claims against the city, and also the right and duty to prosecute, or defend actions by or against the city. It was as much the duty of the mayor to notify the city council and the city attorney of the commencement of the said actions as the performance of any other official act under his oath of office, and plaintiff should be charged with knowledge that such is the law.

If the position of the plaintiff in this case is correct, the mayor of a city might permit a person who had commenced an action against such city, even though he had no foundation of a right to recover against such city, to take judgment by default; and, if the matter could be kept secret until the time for taking an appeal had expired, payment could be compelled by mandamus and the city never given an opportunity to be heard in court. Such proceedings would amount to legal fraud upon the city and are not sanctioned by law.

[2] The facts disclosed by the record in this case furnish reasonable grounds to believe that the judgments involved were obtained through the fraud and collusion of the plaintiff and the mayor of the defendant city. This being the case, it was not only within the discretion, but it was the duty, of the trial judge to refuse to grant the peremptory writ until the city had been given an opportunity to test the validity of the said judgments in a proper action brought for that purpose.

The granting of a writ of mandamus is not a matter of absolute right, but is vested in the sound discretion of the court; and, where there is reason to doubt the necessity or propriety of issuing it, it should be refused. 26 Cyc. 146.

The judgment and order appealed from are affirmed.