McATHIE, Respondent, v. FRIEBERG, Mayor, et al, Appellants

(280 N. W. 871.)

(File No. 8135. Opinion filed July 14, 1938.)

*Arthur C. Frieberg,* of Beresford, and *Hugh S. Gamble,* of Sioux Falls, for Appellants.

*Jerry Maher,* of Sioux Falls, for Respondent.

WARREN, J. The plaintiff filed with the City Council of Beresford, Union County, South Dakota, an application for a Class D beer license. The application was presented to and thereafter refused by the city council. An application was made to the Circuit Court for an alternative writ of mandamus in the form of an order to show cause. Issues were joined by return and answer. Oral testimony was submitted tending to show that a disreputable place was being conducted. At the conclusion of the testimony the court made findings and issued a writ of mandamus compelling the defendants to approve the application. Its reason is disclosed by the findings and conclusions to the effect that the only authority of the local governing body regarding the application for a Class D beer license is confined exclusively to the face of the application and that the city governing body is not allowed to go outside of the application; that their acts are ministerial and do not require the exercise of any discretionary power. Defendants have appealed and assign as error that the court erred in making and entering its order of August 11, 1937, in granting the writ of mandamus.

In determining the issues involved, the language contained in certain statutes becomes material and we therefore refer to Chapter 12 of the Special Session Laws of 1933. Section 8 thereof relates to Class D permits. Subsections 1 and 2, down to subdivision (b) of subsection 2, read as follows:

"1. Submits a written application for a permit, which application shall state under oath:

"(a) The name and place of residence of the applicant and the length of time he has lived in such place of residence.

"(b) That he is a citizen of the State of South Dakota.

"(c) The place of birth of the applicant and if the applicant is a naturalized citizen, the time and place of such naturalization.

"(d) The location of the place or building where the applicant intends to operate.

"(e) The name of the owner of the building and if such owner is not the applicant, that such applicant is the actual lessee of the premises.

"2. Establishes:

"(a) That he is a person of good moral character."

The above language was re-enacted by the Legislature of 1935 in Chapter 165. This last chapter also contains an amended redraft of Section 15 of Chapter 12 of the 1933 Special Session Laws, which reads as follows:

"Section 15. The right to license manufacturers and dealers in non-intoxicating beer and wine is reserved exclusively to the State of South Dakota from and after the adoption of this act, and no city, town, village or municipality shall have any right to require a license issued by the governing body of such city, town, village or municipality from licensees licensed by the State of South Dakota to do business as dealers in non-intoxicating beer and wine within the limits of such cities, towns, villages or municipalities; nor shall the governing body of any city, village, town or municipality within the state have any control of supervision over such dealers other than the ordinary police power had by such cities, villages, towns and municipalities to prevent the commission of public offenses in such dealers' establishments and provided, however, that it will be the express duty of the governing boards of all cities, towns, villages and municipalities to prevent violations of the intoxicating liquor laws of the State of South Dakota within the establishments of any such licensees; providing, however, that the right to grant and issue Class C and Class D licenses under this act is granted to the Secretary of Agriculture, provided, however, that no Class C or Class D license shall be granted or issued by the Secretary of Agriculture until and unless the application for such license shall be first submitted to the governing body of the city or town where applicant applies for such license, and shall have endorsed thereon the approval of such governing body * * *."

Appellant contends that the governing body of a municipality exercises discretion in approving or refusing to approve an application for a Class D beer license and that the city council of

Beresford did not abuse its discretion in exercising such discretion. The respondent strenuously contends that the city governing body cannot exercise its discretion and that its passing upon an application is purely a ministerial act which must be performed if the application is regular on its face and is in proper form. They further contend that if the application is proper and the local governing body fails, refuses or neglects to approve the said application as provided for by law, then mandamus will lie to compel the body to approve the application. Respondent urges that there is a clear legislative intent expressed in our statutes that the State of South Dakota has the sole and only right to license and control the manufacturers and dealers on account of the following language employed in the beginning of Section 15, supra, "Section 15. The right to license manufacturers and dealers in non-intoxicating beer and wine is reserved exclusively to the State of South Dakota from and after the adoption of this act * * *." There might be considerable merit in this contention if we were to rest our search of the meaning of the statute upon those words alone. However, it so happens that the legislature sought to make quite a comprehensive statute dealing with this subject and in Section 8, set out above in this opinion, referred to Class D applicants, and said that there should be a written application. Under subsection 2, it uses the word "establishes," and in subdivision (a) thereof, the words "That he is a person of good moral character." Turning then from this requirement in the written application to Section 15, we find that the legislature undoubtedly intended to place upon the governing body the duty to pass upon the applicant's qualifications, by stating, "* * * that no Class C or Class D license shall be granted or issued by the Secretary of Agriculture until and unless the application for such license shall be first submitted to the governing body of the city or town where applicant applies for such license, and shall have endorsed thereon the approval of such governing body.* * *."

Though the state unquestionably has the exclusive right to issue licenses, yet we do not believe that the legislature intended that the State alone should have power to pass upon the applicant's fitness to receive a license for the reason that the statute requires that the governing body shall endorse on the application their approval. It will be observed that the language in the statute is

hemmed in with the words "until and unless," thus making it mandatory that the governing body must act before a license may issue. It would be foolish to conclude that this language only means, in effect, the sending of a letter or furnishing information, to those in control for the state, concerning the applicant. To us it means more than that. To us it means that no license shall be granted by the state, through the Secretary of Agriculture, until and unless the governing body of the city has made its approval by endorsement upon the application.

Giving the statute its natural meaning, and looking to the intent, we come to the conclusion that the consideration by the governing body is essential and necessary and that no license can be granted until such governing body has endorsed its approval on the application. It was a duty imposed by law for the appellant to exercise its discretion. It was not a ministerial act but an act involving discretion for which a writ of mandamus will not lie. McQuillin on Municipal corporations, vol. 6, 2d Ed., § 2712, p. 839; Stephens et al. v. Jones et al., 24 S. D. 97, 123 N. W. 705; State ex rel. Isaacson v. Parker, 40 S. D. 102, 166 N. W. 309; State ex rel. Goodhope v. Leyse, 60 S. D. 384, 244 N. W. 529; State ex rel. Cook v. Richards, 61 S. D. 28, 245 N. W. 901; State ex rel. Berdahl et al. v. Norstad, 64 S .D. 347, 266 N. W. 686; 18 R.C.L. 292, §§ 225, 226.

It would seem to us that while the state has the exclusive right, under its authority, to license and issue permits for the sale of 3.2 beer, yet it has parted with a portion of its exercise of such authority by conferring upon the governing body of the city or town the right to use its discretion in passing upon the qualifications of the applicant for a license. In re Hoover, D. C., 30 F. 51.

We have considered, but do not discuss, other contentions of appellant of less moment.

For the foregoing reasons the order appealed from is reversed and the mandamus proceedings are dismissed.

All the Judges concur.