RANDALL'S-YANKTON, INC., Appellant v.

RANNEY et al., Respondents

(134 N.W.2d 297)

(File No. 10196. Opinion filed April 8, 1965)

Churchill, Sauer & Manolis, George N. Manolis, Huron, for plaintiff and appellant.

**James Goetz,** City Atty., Yankton, for defendants and respondents.

LUND, Circuit Judge. Plaintiff corporation, as the owner and operator of a Super Market in the City of Yankton, filed an application for Class "C" nonintoxicating beer license with the Yankton City Commission. A public hearing on said application was had before the City Commission, at the conclusion of which the board refused to approve the application and endorsed thereon the following reasons for such refusal:

> "Denied on the ground that the proposed location is not suitable in that non-intoxicating beer would be sold and dispensed in a store normally frequented by numerous minor patrons and that the City's police facilities are inadequate to properly police the proposed location so operated; and for the further reason that minors would be in constant proximity to non-intoxicating beer being held for sale and further in that the general location is unsuitable."

Thereafter the plaintiff, claiming that the board had acted arbitrarily and capriciously and without regard for statutory regulations, applied to the circuit court for a writ of mandamus.

Issue was joined by answer denying that the city board acted arbitrarily, and asserting that the decision of the commission was the result of its deliberations and the common knowledge of its members of the proposed location, and the exercise of their judgment and discretion as to whether the same was suitable.

At the hearing on the alternative writ, the testimony of several of the city commissioners was submitted tending to establish that these officers were familiar with the plaintiff's place of business, having on several occasions shopped there; that it was frequented by numerous minors; that there was considerable traffic in the store and through the checking out stands; and that because of these facts it was their opinion that the problem of controlling the sale of beer in plaintiff's place of business

would be difficult and that the police facilities of the City of Yankton were inadequate to properly police the same.

At the conclusion of the hearing the court made its findings of fact and entered judgment denying plaintiff's application for a writ of mandamus, from which judgment plaintiff appeals.

The only question presented by the various assignments of error is, Did the Yankton city commission abuse its discretionary powers in refusing to approve appellant's application for the reason that the location was, in its opinion, unsuitable?

The statute relating to the sale of alcoholic beverages empowers the Commissioner of Revenue to grant licenses, and provides that the application for a license shall be made on forms prescribed by the commissioner, and be verified by the applicant, and must show that the applicant is eligible.

SDC 1960 Supp. 5.0303 prescribes certain restrictions as to eligibility of licensees, which so far as pertinent to this case, provides, by subsection (4), that

"* * * such premises must conform to all laws, health, and fire regulations applicable thereto, and be a safe and proper place."

SDC 1960 Supp. 5.0305 provides:

"No Class C or D license shall be issued unless and until the application therefor shall be first submitted to the governing board of any incorporated municipality where the applicant proposes to operate * * * Such board, to which such application is submitted shall have discretion to approve or disapprove the application, depending on whether such board deems the applicant a suitable person to hold such license and whether such board considers the proposed location suitable. In the event of refusal to approve the application, such board shall indorse on the application the reasons therefor and return the application to the applicant, and no further action shall be taken thereon * * *."

Appellant contends that the statutory restrictions as to eligibility of a licensee is exclusive, and that the only function of the municipal board, in passing upon the question of location, is to determine whether such premises conform to all "laws, health, and fire regulations applicable thereto, and be a safe and proper place."

He further argues that if any other matters or factors are considered, then their action is arbitrary and an abuse of discretion.

This question has been decided adversely to the appellant in the case of McAthie v. Frieberg, 66 S.D. 192, 280 N.W. 871, in the following language:

"Though the state unquestionably has the exclusive right to issue licenses, yet we do not believe that the legislature intended that the State alone should have power to pass upon the applicant's fitness to receive a license for the reason that the statute requires that the governing body shall endorse on the application their approval. It will be observed that the language in the statute is hemmed in with the words 'until and unless,' thus making it mandatory that the governing body must act before a license may issue. It would be foolish to conclude that this language only means, in effect, the sending of a letter or furnishing information, to those in control for the state, concerning the applicant. To us it means more than that. To us it means that no license shall be granted by the state, through the Secretary of Agriculture, until and unless the governing body of the city has made its approval by endorsement upon the application."

It is also of interest to note that following the decision in the McAthie case, the legislature amended what is now SDC 1960 Supp. 5.0305, by adding the following sentence:

"Such board, to which such application is submitted shall have discretion to approve or disapprove the application, depending on whether such board deems the applicant a suitable person to hold such license and

whether such board considers the proposed location suitable."

■ The intention of the legislature is clearly implicit in the original enactment as well as in the subsequent amendment of the statute that a municipal board, in determining the question of "suitable location" for the sale of nonintoxicating beer, is not limited to the statutory restrictions as to eligibility of licensees, but that in the exercise of a legal discretion it was intended that they could consider other factors or matters as to whether such location is a proper place.

■ It appears to us that among the factors that may properly be considered in the exercise of a legal discretion would be the type of business which applicant proposes to operate; the manner in which the business is operated; the extent to which minors frequent or are employed in such place of business; the adequacy of the police facilities to properly police the proposed location; as well as other factors which are inherently associated in the sale of alcoholic beverages.

■ In considering the above factors which may have a bearing upon whether the location is suitable, the legislature undoubtedly had in mind the fact that local governing boards, being familiar with their own communities, and in many instances having personal knowledge of facts which would not be available to the licensing authority solely on the basis of the application submitted, are in a better position to determine whether the place where the applicant proposes to operate is a proper and suitable location.

This legislative intent is further shown by the fact that municipal boards are required to hold a public hearing when such applications are to be considered, at which hearing any person interested in the approval or rejection of such application may appear and be heard. If the governing body were limited to the statutory restrictions, then such a public hearing would be meaningless.

■ We have carefully reviewed the whole record and conclude that the Yankton city commission did not act arbitrarily

or capriciously, as claimed by appellant, but did in fact exercise a legal discretion as authorized by statute, and that the judgment of the court denying appellant's application for a peremptory writ of mandamus must be, and the same is hereby affirmed.

All the Judges concur.

LUND, Circuit Judge, sitting for BIEGELMEIER, J., disqualified.