C. N. WEAVER, Plaintiff and Appellee,

v.

Janet BOORTZ, formerly Janet Weaver, Defendant and Appellant.

No. 13002.

Supreme Court of South Dakota.

Feb. 11, 1981.

Wally Eklund of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellee.

Carleton R. Hoy and Lois Ann Rose of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

Appellant (Janet Boortz, formerly Janet Weaver) appeals from the trial court's order of summary judgment in favor of appellee (C. N. Weaver) on a promissory note. We affirm.

Briefly, the facts are as follows: On July 1, 1975, appellee gave Frank N. Weaver (who was appellee's son and, at that time, appellant's husband) a check for $19,000. It is unrefuted that, pursuant to the receipt of this check, appellant and her husband executed a promissory note for $19,000 payable to appellee. The note contained no due date, and no payments were ever made on the note. Appellant and Frank N. Weaver were divorced on October 19, 1977. Appellant's ex-husband died in the spring of 1978. On August 2, 1978, appellee brought an action to recover the amount of the note from appellant. Appellant interposed three defenses: (1) a general denial; (2) failure of consideration; and (3) a property settlement incorporated into a divorce decree allegedly absolving appellant's liability on the note. After receiving briefs, affidavits, and depositions from both parties, the trial court determined that there were no genuine issues of material fact. SDCL 15–6–56(c). Consequently, on October 9, 1979, the trial court granted appellee's motion for summary judgment.

The singular issue presented on appeal is whether the trial court erred in granting appellee's motion for summary judgment. We hold that it did not. The granting of summary judgment was proper as a matter of law. Upon a review of the settled record, affidavits, and trial briefs, we note that appellant's principal contentions to this Court of accommodation party status, impairment of collateral, and laches, were not presented at the trial court level. Accordingly, these issues are not properly before us on appeal. *Estate of Assmus,* 254 N.W.2d 159 (S.D.1977); *In re Estate of Grimes,* 87 S.D. 187, 204 N.W.2d 812 (1973). The property settlement between appellant and her exhusband cannot unilaterally impair appellee's rights on the note absent an act of cancellation, destruction, mutilation, or renunciation as provided in SDCL 57A–

3–605. We have reviewed appellant's contention as to excessive interest and find it to be without merit.

Affirmed.

All the Justices concur.