In the Matter of the PROCEEDINGS FOR DEPOSIT IN the COURT OF MONIES AND/OR TRUST ASSETS OF the EQUIVALENT VALUE OF APPROXIMATELY $45,877.68.

No. 15573.

Supreme Court of South Dakota.

Dec. 30, 1987.

James E. Carlon of Carlon Law Office, Pierre, for appellant Ralph Kemnitz.

Robert Riter, Jr. of Riter, Mayer, Hofer and Riter, Pierre, for appellee First Nat. Bank.

Brent Wilbur of May, Adam, Gerdes and Thompson, Pierre, for appellee BankWest.

AMUNDSON, Circuit Judge.

Appellant Ralph Kemnitz (Kemnitz) appeals from the judgment and order of the trial court directing the payment of proceeds on deposit with the Stanley County Clerk of Courts to appellees, First National Bank of Pierre and BankWest of Pierre N.A. The trial court determined that BankWest had a valid security interest in the proceeds and First National Bank held a valid assignment of judgment from attorney Keith Tidball (Tidball) from which the escrow proceeds were derived. We affirm.

In 1979 Kemnitz and Tidball entered into a stipulation and agreement involving the suit pending on the termination of their law partnership. The agreement provided in part that the law partnership known as "Tidball and Kemnitz," with offices in Pierre, Philip and Wall, was to be terminated as of the 30th day of June, 1978. The agreement further provided that Tidball was to receive all right, title and interest to all accounts receivable that are listed in the books in the Pierre office, with an exception of contingency fee cases listed on an exhibit attached to the stipulation and agreement. This exhibit reflects that the fees awarded in the case of *Tidball v. Hetrick* (Williams estate fee) were to be divided upon collection, with 80% to the partnership (Tidball and Kemnitz) and 20% to Tidball.

In January of 1981, Tidball executed a security agreement to BankWest pledging as collateral the Williams estate fee. The

security interest was perfected by BankWest filing a financing statement with the Secretary of State and the Hughes County Register of Deeds.

In February of 1984, Tidball assigned the judgment obtained in his name against Lavonne Hetrick to First National Bank. The judgment had been the subject of an appeal to this court wherein Tidball had been found to be entitled to recover attorney fees in the Williams estate litigation. *Tidball v. Hetrick*, 363 N.W.2d 414 (S.D.1985). The assignment of judgment was entered of record in the judgment book in Lyman County pursuant to SDCL 15–16–11.

On appeal Kemnitz raises two issues. First, he claims the trial court erred in finding that BankWest had a valid security interest in the escrow proceeds. Kemnitz contends that Tidball did not own in total the contingency fee referred to herein as the Williams estate fee. In view of this alleged lack of 100% ownership or title, Kemnitz claims that Tidball did not possess "rights in the collateral" under SDCL 57A–9–203. Secondly, Kemnitz argues that the assignment to First National Bank was effective only as to Tidball's interest in the assigned judgment, namely, a 60% interest.

■ In reviewing the findings of fact of the trial court, the findings will not be disturbed on appeal unless they are clearly erroneous. SDCL 15–6–52(a). In applying the clearly erroneous standard, this court will overturn the findings only when, after a review of all the evidence, the court is left with a definite and firm conviction that a mistake has been made. *Wiggins v. Shewmake*, 374 N.W.2d 111 (S.D.1985).

Formal title is not a prerequisite for the attachment of a security interest. The provisions of the Uniform Commercial Code are not intended to be circumvented by the manipulation of the location of title. *State Bank of Young America v. Vidmar Iron*, 292 N.W.2d 244 (Minn.1980).

In *Brown v. United States*, 622 F.Supp. 1047, 1049–1050 (D.S.D.1985), cited by this court in *First National Bank in Pierre, S.D. v. Feeney*, 393 N.W.2d 458 (S.D.1986), the court in dealing with the question of a debtor's "rights in collateral" held as follows:

Even if the plaintiff had established ownership of the cattle, the court is unconvinced that a third party's ownership interest in collateral bears any substantial weight in determining a debtor's "rights in collateral" for the purposes of attachment of a security interest. The official comment to § 9–202 states unequivocally that "[t]he rights and duties of parties to a security transaction and of third parties are stated in this Article without reference to the location of 'title' to the collateral." Even if a party retains ownership interest in a piece of collateral, a debtor who retains that collateral is still able to mislead potential creditors by exercising his "rights" of possession and control over the collateral. It is the outward appearance of a *debtor's* rights of ownership and control in the collateral that determines whether attachment of a security interest is effective and not the right of a party who may have title to the collateral. (Emphasis in the original.)

■ Kemnitz testified that Tidball has an ownership interest in the partnership account receivable and was authorized to collect the account receivable. In this instance, the partnership was not completely terminated until all of the affairs of the partnership had been wound up. SDCL 48–5–2. Kemnitz testified as follows:

Q. Mr. Kemnitz, is it your testimony that following the dissolution of your partnership Mr. Tidball was authorized to collect the accounts, including the Hetrick account, in his name?

A. Well, I think it was implicit in the agreement that we each had the right to collect the fees that were to remain partnership property.

Q. So it would be fair to say that as far as you were concerned Keith Tidball had the right, in his own name, to sue Lavone Hetrick to collect his fee?

A. I hadn't thought about it, whether he could sue in his own name. I never gave that any thought.

Thus, Tidball had rights in the collateral pursuant to the agreement with Kemnitz, and BankWest's security interest could and did attach. An innocent third party, such as BankWest, should not be penalized or misled due to the failure of Kemnitz to properly protect his interests in a partnership account and his failure to consider the consequences of his binding agreement with Tidball.

■ As previously stated, First National Bank obtained assignment of judgment after same was obtained by Tidball. The record reflects that at no time did Kemnitz attempt to intervene in the litigation in which the judgment was awarded to Tidball, nor did Kemnitz take any affirmative action to advise third parties that he claimed an interest in that judgment. Although there are no decisions in this jurisdiction directly on point, there is a presumption that the plaintiff in the action in which a judgment is recovered against the defendant is the owner of the judgment; the burden of proof is on the one who alleges the contrary. 46 Am.Jur.2d Judgments § 235. In this action, the record reflects that First National Bank proceeded appropriately in obtaining and filing the assignment of the judgment in *Tidball v. Hetrick.* The trial court held that the properly perfected assignment of the judgment proceeds constituted a lien against the escrowed proceeds. The trial court further found that, by the conduct of Tidball and Kemnitz, Tidball had apparent authority to grant the security interest and the assignment. There is ample evidence in the record to sustain this finding by the trial court. Accordingly the judgment of the trial court is affirmed.

This affirmance does not condone the actions of Tidball in this matter nor preclude Kemnitz from seeking whatever remedy is available for collection of monies justly due and owing pursuant to agreements between the former partners.

All the Justices concur.

AMUNDSON, Circuit Judge, sitting for MILLER, J., disqualified.