Wendell **LUKE** and Mary Lou Luke d/b/a Luke's Store, Appellants,

v.

**MELLETTE COUNTY**, South Dakota, Appellee.

No. 18138.

Supreme Court of South Dakota.

Considered on Briefs Sept. 2, 1993.

Decided Nov. 17, 1993.

Krista H. Clark, Dakota Plains Legal Services, Mission, for appellants.

Michael Strain, Mellette County State's Atty., White River, for appellee.

HENDERSON, Justice.

## PROCEDURAL HISTORY/ISSUES

Following denial of a package (off-sale) malt beverage liquor license by the Mellette County Commission (Commission), Wendell and Mary Lou Luke (Lukes), owners of Luke's Store, appealed the decision to the Sixth Judicial Circuit Court. On July 13, 1992, the trial court upheld the Commission, finding that it did not abuse its discretion by denying the license application due to the unsuitability of the store's location on Indian trust land in Mellette County. On appeal, the Lukes present these issues:

I. Did the Mellette County Commission abuse its discretion in denying the Lukes' liquor license application?

II. Is South Dakota's authority to regulate liquor transactions in Indian country dependent upon the State's exercise of criminal jurisdiction over Indian Country?

We affirm on Issue I.

## FACTS

In September of 1990, the Lukes, husband and wife, first applied for a liquor license for their gas station/convenience store in the Corn Creek Community on land formerly part of the Rosebud Indian Reservation, but now held as Indian trust land by the United States government. Although the store is located within Mellette County, South Dakota, it is outside the State's criminal jurisdiction.

At a November 8, 1990 hearing, a Mellette County commission member moved to table the Lukes' application until the Lukes obtained a tribal or federal license and confirmation in writing from the Rosebud Liquor Authority allowing liquor sales and permitting county criminal jurisdiction on the property. Delays by Rosebud authorities occurred, necessitating a new application and hearing on November 5, 1991. However, the Commission still had yet to hear from the Rosebud Liquor Authority concerning jurisdiction or tribal licensing. Additionally, three citizens had voiced opposition to granting the license, but failed to personally appear at the hearing. Commission denied the application.

On appeal, the trial court invalidated the citizen opposition reasoning because no one appeared at the hearing as required by SDCL 35–2–5; however, the license denial was upheld based upon location concerns by the Commission.

## DECISION

■ To receive a retail license, the board of county commissioners of the county in which the applicant seeks to operate has "discretion to approve or disapprove the application depending on whether it deems the applicant a suitable person to hold such license and whether it considers the proposed location suitable." SDCL 35–2–1.2. Quoting *Randall's–Yankton, Inc. v. Ranney*, 81 S.D. 283, 134 N.W.2d 297 (1965), this Court addresses one question: "Did [Mellette County] Commission abuse its discretionary powers in refusing to approve [the Luke's Store] application for the reason that the location was, in its opinion, unsuitable?"

■ Commission denied the liquor license application, and the circuit court upheld that decision, because the store was located on Indian trust land within the Rosebud Indian Reservation, meaning that the State of South Dakota could not maintain criminal jurisdiction over the premises. *See State v. Spotted Horse*, 462 N.W.2d 463 (S.D.1990). Mellette County would, thus, be without power to enforce the State's liquor laws on the Luke's Store premises. Under *Randall's–Yankton*, 134 N.W.2d at 300, the adequacy of police facilities to properly police the proposed location is an important consideration in granting these applications. To secure law and order on the premises, Commission requested that the Lukes obtain written confirmation from the Rosebud Liquor Authority allowing liquor sales and permitting county criminal jurisdiction on the property. No such confirmation or authority was ever supplied, and the Lukes' application was denied.

Lukes complain that state authority to regulate liquor transactions on tribal land is not dependent on the state's exercise of criminal jurisdiction over that land. This was not

addressed by the circuit court. *Weaver v. Boortz*, 301 N.W.2d 673 (S.D.1981) (Issues not raised at the trial court level will not be reviewed for the first time on appeal). Nor does it matter. The issue concerns adequacy of police protection. South Dakota does not have criminal jurisdiction over Luke's Store, so a commission which derives its authority from, and grants licenses under, South Dakota law has not abused its discretion by denying a license to one who cannot guarantee compliance with the same law. *Randall's–Yankton*, 134 N.W.2d at 300. *Accord Rushmore State Bank v. Kurylas, Inc.*, 424 N.W.2d 649, 653 (S.D.1988). Lukes simply did not establish that the location was suitable.

Affirmed.

MILLER, C.J., and WUEST and SABERS, JJ., concur.

AMUNDSON, J., dissents.

AMUNDSON, Justice (dissenting).

Under 18 U.S.C. § 1161, Congress authorized liquor transactions in Indian Country so long as the transactions complied with tribal and state law. In *Potawatomi Indian Tribe v. Oklahoma Tax Comm'n*, 975 F.2d 1459 (10th Cir.1992), the court held that the state could require a tribe to obtain a 3.2 license to sell beer at its convenience store and golf course located on Indian land. In allowing this requirement the court stated: "[A] state's authority to regulate liquor transactions is not dependent on the state's exercise of jurisdiction over Indian Country." *Id.* at 1461.

In this case, the Mellette County Commissioners held:

As the property described above is on tribal lands criminal jurisdiction was discussed at length with no confirmation in writing submitted from the Rosebud Liquor Authority ... allowing county criminal jurisdiction on this property ... After the group left the meeting room the discussion continued and Bennett moved to include the above jurisdiction matter in his motion for denial of the application.

Since authority to regulate the licensing does not require an exercise of criminal jurisdiction in Indian country, I cannot find any rational basis for equating lack of criminal jurisdiction to "unsuitable location" under the statute. This seems to be a classic example of comparing apples to oranges. The first time the words "unsuitability of location" crops up in this meager record is in the trial court's memorandum decision and findings of fact and conclusions of law. It seems totally inconsistent to require an applicant to secure a license because you have jurisdiction over its issuance and then turn down the application because the applicant cannot guarantee compliance with the liquor law. Where in the statute does it require a guarantee of compliance? If a license holder fails to comply, does not the licensing authority have the right to deny renewal of the license the next time around (SDCL 35–4–41) or even revoke the license if there is a crime wave at that location? SDCL 35–2–10. Other than this criminal jurisdiction issue, which is not berthed in the statute, I see no other evidence of unsuitability in the record.

Therefore, I would hold that it was an abuse of discretion to deny the applicant a liquor license.