MELINN v. MELINN.

1. Divorce—Condonation.
   Condonation by the nonoffending spouse, sufficient to avert a decree of divorce, may not be had without knowledge that the offense condoned was probably committed but the knowledge need not be absolute, it being sufficient as a basis for condonation that·the nonoffending spouse had such knowledge as would satisfy a reasonably prudent person that the offense had been committed, giving full weight to the trust and confidence which husband and wife are entitled to place in each other.

2. Same—Nature of Condonation.
   Condonation of an offense against a marriage by the nonoffending spouse is not a matter of strict contract, it being more properly a question of whether the facts warrant the presumption that there was forgiveness, reconciliation, and reunion, and restoration of all marital rights.

3. Same—Condonation—Repetition of Offense.
   Condonation of adultery is but a conditional forgiveness, and a repetition revives the offense.

4. Same—De Novo Review by Supreme Court.
   The Supreme Court reviews an appeal in a suit for divorce by hearing the cause *de novo* and upon it rests the responsibility of affirming, modifying or reversing a decree rendered by the trial court who saw and· heard the witnesses and had the better opportunity of appraising the value of their testimony.

5. Same—Condonation—Subsequent Repetition of Offense.
   Subsequent violation by each spouse of terms of reconciliation between husband and wife, each of whom had been guilty of

---

References for Points in Headnotes
[1, 2] 17 Am Jur, Divorce and Separation, § 196.
[2] Knowledge of offenses as condition of condonation. 109 ALR 683.
[3, 5, 6] 17 Am Jur, Divorce and Separation, § 197.
[5] 17 Am Jur, Divorce and Separation, § 213.

offenses against the marital relation, disentitled plaintiff wife to decree of divorce since she did not come into court with clean hands, a condonation being merely conditional and repetition effecting a revival of the offense.

6. SAME—RECONCILIATION—SUBSEQUENT REPETITION OF OFFENSE.
   No decree of divorce is granted either party where each had been guilty of offenses against the marital relation and after a reconciliation each violated its terms.

7. SAME—COSTS.
   No costs are awarded either party, where plaintiff wife's bill for divorce is dismissed upon reversal of trial court's decree in her favor.

Appeal from Kent; Brown (William B.), J. Submitted October 13, 1950. (Docket No. 86, Calendar No. 44,922.) Decided December 5, 1950.

Bill by Margot B. Melinn against Carroll A. Melinn for divorce. Decree for plaintiff. Defendant appeals. Reversed.

*Annis & Cooper,* for plaintiff.

*Haskins & Roach,* for defendant.

SHARPE, J. This is a divorce suit. The parties were married January 10, 1948, in Grand Rapids. One child, Edward Joseph Melinn, was born March 4, 1949. The record does not contain a copy of the bill of complaint or a copy of the answer filed in this case, but by a careful search of the record we conclude that plaintiff wants a divorce, custody of the child, an allowance for his maintenance, and a division of the property. While defendant filed an answer in which he asks that plaintiff's bill of complaint be dismissed, he does not ask for affirmative relief.

The record shows defendant to be guilty of numerous acts of cruelty, sufficient to justify a decree

for divorce, except that plaintiff has also been guilty of carrying on illicit love affairs of sufficient depravity to deny her a divorce. The principal issue in this case is whether there has been a condonation of plaintiff's misconduct by defendant. Plaintiff admits that upon more than one occasion she had illicit relations with one Heidema; that both plaintiff and defendant went to confession and agreed that they would start a new life and would not repeat the wrongful acts that each had committed. As a result of this agreement the parties continued living together as husband and wife until a short time before the divorce was started. It also appears that defendant not only knew, but encouraged his wife in her misconduct with Heidema. There is evidence that plaintiff had sexual relations with 2 other men without the knowledge of defendant; and that plaintiff was seen and admits that she was in a parked car in the nighttime with a strange man. The record shows that the reconciliation between the parties was not of lasting benefit as each of the principals soon violated its terms.

The rule relating to condonation is well stated in *Farley* v. *Farley*, 278 Mich 361 (109 ALR 678), where we quoted with approval from 9 RCL, p 382, as follows:

"The rule requiring full knowledge is not to be understood as meaning absolute knowledge. While there can be no condonation without knowledge that the offense was probably committed, it is sufficient as a basis for a condonation that the nonoffending spouse had such knowledge as would satisfy a reasonably prudent person that the offense had been committed, giving full weight to the trust and confidence which husband and wife are entitled to place in each other."

In *Creech* v. *Creech*, 126 Mich 267, we said:

"But this is treating condonation as a matter of strict contract. It is more properly a question of whether the facts warrant the presumption that there was forgiveness, reconciliation, and reunion, and restoration of all marital rights."

In *Tackaberry* v. *Tackaberry*, 101 Mich 102, we said:

"Even condonation of adultery is but a conditional forgiveness, and a repetition revives the offense."

The trial court granted plaintiff a decree for divorce, custody of the minor child, all personal property owned by the parties and required defendant to pay the sum of $22 per week for the support of plaintiff and the minor child of the parties.

We recognize that the trial judge, by seeing and hearing the witnesses, has a better opportunity than we have of appraising the value of their testimony, but on review, we hear the cause *de novo* and the responsibility of affirming, modifying or reversing a decree is a matter for this Court.

We are not in agreement with the trial court that there was condonation between the parties. At most it was conditional and both parties violated the covenant. The record does not support a finding of fact that plaintiff came into court with "clean hands." Her sexual excursions into forbidden lands do not warrant a court of chancery granting her a decree for divorce. Neither party is entitled to any relief in a court of chancery. Defendant does not seek a divorce and under the circumstances in this case plaintiff is not entitled to one.

The decree is reversed and plaintiff's bill of complaint is dismissed, but without costs as to either party.

REID, DETHMERS, CARR, and BUSHNELL, JJ., concurred with SHARPE, J. BOYLES, C. J., and NORTH and BUTZEL, JJ., concurred in the result.