Mervyn E. ZWANZIGER, Plaintiff and Respondent,

v.

Thelma ZWANZIGER, Defendant and Appellant.

No. 12593.

Supreme Court of South Dakota.

Submitted on Briefs Nov. 16, 1979.

Decided Dec. 12, 1979.

Michael D. Stevens of Blackburn Law Offices, Yankton, for defendant and appellant.

PER CURIAM.

Mervyn E. Zwanziger was granted a divorce from Thelma Zwanziger on October 19, 1976, sixty days after Mrs. Zwanziger was served with a summons and complaint. Mrs. Zwanziger challenges the validity of the divorce decree, arguing that it was entered one day prematurely, depriving the trial court of subject matter jurisdiction. We agree.

SDCL 25–4–34 provides, in part, that "[a]n action for divorce or separate maintenance shall not be heard, tried, or determined by the court until at least sixty days have elapsed from the completed service." The sixty-day waiting period is computed by excluding the day when service is completed and including the last day of the period unless the last day is a Saturday, Sunday, or legal holiday. SDCL 15–6–6(a).

Mrs. Zwanziger was served on Friday, August 20, 1976; the judgment of divorce was entered on Tuesday, October 19, 1976. October 19 was the sixtieth day after service was completed, excluding August 20, the day of service. SDCL 15–6–6(a). SDCL 15–6–6(a) and SDCL 25–4–34 require, however, that a divorce action may be tried, heard, and determined "at least sixty days" after service is completed; the earliest day that can legally be done is the sixty-first day after service, excluding the day of service.* The trial court lacks subject matter jurisdiction until that time.

Our interpretation of SDCL 25–4–34 and SDCL 15–6–6(a) is consistent with the conclusions reached in Kansas and Nebraska. In *Boring v. Boring*, 155 Kan. 99, 122 P.2d 743 (1942), the Kansas Supreme Court was faced with a similar issue: whether a decree of divorce was premature because it was heard by the trial court on the sixtieth day. The Kansas computation statute was similar to SDCL 15–6–6(a), and its divorce statute provided that "[n]o hearing shall be had in a divorce suit until, at least, sixty days after the filing of the petition . . ." G.S. 1935, 60–1517.

The Kansas Supreme Court held that the statute required sixty full, clear days before the final decree could be heard or tried. The court said that "[t]he divorce statute does not prescribe the time *within* which, or during which, a hearing for divorce shall be, or may be, had but expressly prohibits such hearing until, *at least*, sixty days *after* the filing of the petition." 122 P.2d at 745. (emphasis in original)

The Nebraska Supreme Court came to the same conclusion in *Garrett v. State*, 118 Neb. 373, 224 N.W. 860 (1920), and noted that:

[W]here a statute prohibits a judge or court from trying a case before a certain time, and the court or judge tries said case before the end of the time so limited, the decree or judgment therein rendered is void and may be attacked collaterally. A decree of court which is void for want of jurisdiction may be attacked in any proceeding in which any person seeks to assert a right under it. . . .

a sixty-day waiting period *before* a divorce action may be heard by the court." (emphasis supplied) 366 F.Supp. at 1247.

---

* See *McCay v. State of South Dakota*, 366 F.Supp. 1244 (D.S.D.1973). The district court noted that "S.D.C.L. § 25–4 34 (1967) provides

. . . . [T]he requirement of the statute is, as we have seen, jurisdictional, and the failure to observe that requirement results in lack of power and authority.

224 N.W. at 862.

In the case before us the divorce was heard and granted one day before it legally could have been granted. The sixty-day waiting period in SDCL 25–4–34 is jurisdictional. The decree of divorce is therefore void.

The judgment is reversed.