Marjorie A. BRANDSMA, Plaintiff
and Appellant,

v.

Robert L. BRANDSMA, Defendant
and Appellee.

No. 13359.

Supreme Court of South Dakota.

Considered On Briefs Dec. 9, 1981.

Decided April 21, 1982.

Richard A. Johnson of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for plaintiff and appellant.

Jeff Masten of Masten, Myrabo & Irons, Canton, for defendant and appellee.

PER CURIAM.

This is an appeal from a judgment dismissing, with prejudice, appellant Marjorie A. Brandsma's complaint for a divorce. We reverse and remand.

Appellant sought a divorce from appellee, Robert L. Brandsma. Her cause of action was based upon extreme cruelty. The trial court found that appellee had struck and was verbally abusive to appellant on several occasions without just cause. The court concluded, however, that these acts did not constitute extreme cruelty and that there were no grounds upon which a divorce could be granted.

The record is replete with instances of appellee's outbursts of temper directed at appellant throughout the years of this marriage. Appellant withstood the physical abuse and, as the trial court characterized them, "verbal beatings," in an attempt to keep the family together for the benefit of their children. She broke the pattern after appellee struck her in the head so hard that she had a severe headache and dizziness. She continued to live with appellee only until the wedding of their youngest daughter was over. This action followed.

We are convinced that the showing of verbal and physical abuse in this case was sufficient to constitute extreme cruelty within the meaning of SDCL 25–4–4, which provides: "Extreme cruelty is the infliction of grievous bodily injury or grievous mental suffering upon the other, by one party to the marriage." SDCL 25–4–4. In a marital setting, the definition differs according to the personalities of the parties involved. *Pochop v. Pochop*, 89 S.D. 466, 233 N.W.2d 806 (1975). The evidence must be viewed "in the light of the full context of the relationship between the parties and not in the narrow light of isolated incidents..." *Palmer v. Palmer*, 281 N.W.2d 263, 264 n.3 (S.D.1979). See also *Watt v. Watt*, 312 N.W.2d 707 (S.D.1981).

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

MORGAN, J., did not participate.