**Donald J. RYKHUS, Plaintiff and Appellee,**

v.

**Lois Rae RYKHUS, Defendant and Appellant.**

**No. 13409.**

Supreme Court of South Dakota.

Submitted on Briefs March 23, 1982.

Decided May 12, 1982.

William Mark Kratochvil of Calhoon & Kratochvil, Brookings, for plaintiff and appellee.

David Alan Palmer of Strange, Strange & Palmer, Sioux Falls, for defendant and appellant.

DUNN, Justice.

This is an appeal from a decree of divorce in favor of appellee Donald Rykhus that terminated a twenty-six year marriage between the parties. Appellant Lois Rykhus appeals. We affirm.

The parties were married on October 24, 1953. Four children were born to the marriage, two of whom were minors at the time of trial. Appellee is presently employed as the Superintendent of Schools in Onida, South Dakota. He was previously employed as the Elkton Superintendent of Schools. Appellant has worked as a housewife for the last twenty years.

Appellee sought a divorce from appellant alleging infliction of grievous mental and physical suffering. Appellant counterclaimed alleging adultery as grounds for divorce. The trial court found that appellant treated appellee with extreme cruelty, but that the evidence presented by appellant was insufficient to prove adultery.

Appellant contends that the trial court erred by granting appellee a divorce on the grounds of extreme cruelty. The record indicates that during the course of the marriage and particularly after 1971, appellant had repeated outbursts of temper. Appellant threatened to stab appellee on several occasions with knives, stabbed him once with a scissors, hit him in the face once, and ordered him to leave the house. On one occasion, appellant required appellee to write a note promising that "he would not drink, smoke, swear or chase women in the future." The record also indicates that appellant, while angry at her husband and trying to find him, kicked the glass out of an Elkton School door.

Extreme cruelty is defined in SDCL 25-4-4 as "the infliction of grievous bodily injury or grievous mental suffering upon the other, by one party to the marriage." In a marital setting, the definition of extreme cruelty differs according to the personalities of the parties involved. *Brandsma v. Brandsma*, 318 N.W.2d 318 (S.D.1982); *Pochop v. Pochop*, 89 S.D. 466, 233 N.W.2d 806 (1975). We must view the evidence in light of the full context of the marriage and not in the narrow light of isolated incidents. *Brandsma v. Brandsma, supra; Palmer v. Palmer*, 281 N.W.2d 263 (S.D.1979). We find that the showing of physical abuse and mental suffering in this case was sufficient to support the trial court's finding of extreme cruelty.

Appellant contends that appellee condoned her behavior by continuing to live in the family home. In *Gassman v. Gassman*, 296 N.W.2d 518 (S.D.1980), we stated that to constitute condonation there must be forgiveness, reconciliation, reunion and the restoration of all marital rights. *See also* SDCL 25-4-22; *Melinn v. Melinn*, 329 Mich. 96, 44 N.W.2d 886 (1950). In this instance, the cause of divorce consists of a course of offensive conduct which aggregately constitutes the claim of extreme cruelty. Thus, under SDCL 25-4-23, continued "cohabitation, or passive endurance, or conjugal kindness shall not be evidence of condonation of any of the acts constituting such cause, unless accompanied by an express agreement to condone. In such cases, condonation can be made only after the

cause of divorce has become complete, as to the acts complained of." *See also Brockel v. Brockel*, 80 S.D. 547, 128 N.W.2d 558 (1964). No evidence was introduced at trial to show that an express agreement to condone was reached. Evidence of cohabitation or of appellee's passive endurance of appellant's fits of rage are insufficient under SDCL 25-4-23 to support a finding of condonation.

Appellant contends that the trial court erred in refusing to grant her a divorce on the grounds of adultery. Adultery is defined by SDCL 25-4-3 as the "unlawful voluntary sexual intercourse of a married person with one of the opposite sex[.]" No direct evidence of adultery was admitted at trial and both appellee and his female companion denied that they had committed adultery. *Cf. Watt v. Watt*, 312 N.W.2d 707 (S.D.1981), where wife admitted one adulterous act.

It is not necessary in divorce proceedings to prove the direct act of adultery, however. The Supreme Court of Iowa in *Kaduce v. Kaduce*, 176 N.W.2d 779, 781 (Iowa 1970), stated that: "The criminal intercourse may be established by or inferred from circumstances which lead to adultery by fair inference as a necessary consequence. Evidence of adultery is sufficient when the circumstances proven lead naturally and fairly to the conclusion of guilt, and are inconsistent with any theory of innocence." *See also Molloy v. Molloy*, 46 Wis.2d 682, 176 N.W.2d 292 (1970); *Covault v. Covault*, 182 Neb. 119, 153 N.W.2d 292 (1967); *Ferguson v. Ferguson*, 202 N.W.2d 760 (N.D.1972).

While appellant in this case introduced evidence showing that appellee and his female companion had many meetings, sent cards to each other and admitted that they had discussed marriage, the trial court found this evidence insufficient to prove adultery. While it is possible to infer from the evidence that appellee did engage in adulterous conduct, the evidence is also consistent with a theory of innocence. *See Kaduce v. Kaduce, supra.* When reviewing the trial court's findings, we must give due regard to the opportunity of the trial court to judge the credibility of the witnesses and to weigh their testimony. We will not set aside the trial court's findings unless they are clearly erroneous. SDCL 15-6-52(a); *Pochop v. Pochop, supra.* We find that the trial court was not clearly erroneous in denying appellant a divorce on the grounds of adultery.[1]

Appellant questions the sufficiency of the $200.00 per month per child support award and the $400.00 per month alimony award. It is the settled law that this court will not disturb an award of alimony or child support unless it clearly appears that the trial court abused its discretion. *Hrdlicka v. Hrdlicka*, 310 N.W.2d 160 (S.D.1981); *Herndon v. Herndon*, 305 N.W.2d 917 (S.D.1981); *Stenberg v. Stenberg*, 90 S.D. 229, 240 N.W.2d 100 (1976). An award of child support should be a reasonable amount "suitable to the children's circumstances and situation in life and the father's financial means and ability to pay." *Wallahan v. Wallahan*, 284 N.W.2d 21, 27 (S.D.1979). *See also, Hanson v. Hanson*, 318 N.W.2d 355 (S.D.1982). In light of the fact that appellee's net take-home pay at the time of trial was $1,477.22 per month,[2]

---

1. The trial judge repeatedly cautioned the parties that since both parties were seeking a divorce, they should spend a minimal amount of time on the grounds for divorce and primarily address the other issues, such as the division of property. Since divorces may only be granted upon the showing of one of six causes listed in SDCL 25-4-2, the trial judge should not discourage parties to a divorce from adequately proving grounds. In this instance, the record indicates that appellant was not discouraged from introducing all available evidence regarding her husband's alleged adulterous acts.

Thus, the judge's statement was harmless error.

2. Appellant claims that appellee is voluntarily reducing his income to avoid paying alimony and support, by not doing part-time carpentry and roofing work. *See Herndon v. Herndon*, 305 N.W.2d 917 (S.D.1981). Appellee's income, however, is in fact $7,000 greater than when he was employed as the Elkton Superintendent of Schools and working part-time as a carpenter.

we find that the trial court did not abuse its discretion in awarding child support and alimony.

 Appellant argues that the trial court should have awarded her the total amount of her attorney fees, $5,500.00, instead of a partial award of $1,500.00. An award of attorney fees and costs rests in the sound discretion of the trial court. *Park v. Park*, 309 N.W.2d 827 (S.D.1981); *Balvin v. Balvin*, 301 N.W.2d 678 (S.D.1981); *Hansen v. Hansen*, 273 N.W.2d 749 (S.D. 1979). In determining a reasonable fee, the trial court should consider the following elements: the amount and value of the property, the litigation's intricacy and importance, the labor and time involved, the skill required to draft the pleadings and try the cause, the discovery procedures utilized, whether complicated legal problems existed, the time required to try the cause, and whether written briefs were required. *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979).

After determining what constitutes a reasonable fee in a divorce case, the trial judge must then decide what portion of the attorney fees should be allowed as costs and thereby paid by the opposing party. SDCL 15–17–7; *Lien v. Lien, supra.* The trial judge should consider the property owned by each party, their relative incomes, whether the wife's property is in liquid or fixed assets, and whether the actions of the husband or wife increased unreasonably the time spent on the case. *Lien v. Lien, supra.* The trial court found that appellant's assets were sufficiently liquid to enable her to pay the balance of her attorney fees and that counsel for appellant spent more time on this matter than would normally be justified because of appellant's personal desires. Each party received approximately equal portions of the property. In light of these factors, we hold that the trial court did not err in awarding appellant partial attorney fees.

Finally, appellant has requested an award of $3,600.00 for her appellate attorney fees. Appellee has requested an award of $1,500.00 for appellate attorney fees.

After considering the above-listed factors, we deny both claims for appellate attorney fees.

The order of the trial court is affirmed.

All the Justices concur.