MARYHOUSE, INC., Plaintiff
and Appellee,

v.

Jane E. HAMILTON, Defendant
and Appellant.

No. 17373.

Supreme Court of South Dakota.

Considered on Briefs May 23, 1991.

Decided July 17, 1991.

Rehearing Denied Aug. 29, 1991.

Gary F. Colwill, Schmidt, Schroyer, Colwill & Moreno, P.C., Pierre, for plaintiff and appellee.

Jane E. Hamilton, Ph.D., pro se.

SABERS, Justice.

Daughter appeals permanent injunction restricting her access to her mother at a nursing home.

## Facts

Jane Hamilton lives in Moorhead, Minnesota. Jane's mother, Hazel Hamilton (mother), has been a resident of Maryhouse nursing home in Pierre, South Dakota for more than 10 years. Jane's brother, J. Tipps Hamilton (Tipps) of Fort Pierre, is mother's legal guardian.

For several years there has been conflict between Jane and Maryhouse staff and administrators when Jane travels to Pierre to see mother. Specifically, Jane has: interfered with mother's prescribed diet by throwing away mother's Maryhouse food and substituting food and vitamins brought with her from outside Maryhouse; removed mother from her floor at Maryhouse without staff permission and against Tipps' instructions; transported mother alone and without standard safety precautions; removed mother's medicine from her medication drawer; entered non-public areas of Maryhouse against staff instructions; interfered with the care of other patients; talked to other patients in ways which were distressing to them or their families; and generally ignored and shown contempt for staff members and administrative rules.

Maryhouse turned to Tipps in an effort to control what they saw as Jane's disruptive behavior. On January 11, 1989, Tipps wrote a letter to Maryhouse with instructions about mother's care designed to discourage Jane's interference with staff responsibilities and forbidding the removal of mother from Maryhouse by anyone without his consent. Shortly after receiving a copy of his letter, Jane filed written complaints with the South Dakota Board of Nursing and the South Dakota Department of Health accusing Maryhouse and three staff members of mistreating mother, but she was unable to substantiate her accusations with evidence.

On March 24, 1989, an attorney for Maryhouse sent Jane a list of rules the administration wanted her to observe while visiting mother. The letter contained common sense admonitions to leave mother's medical and dietary care to the Maryhouse staff and to treat the staff with courtesy. When this letter proved unavailing, the attorney for Maryhouse wrote Jane again on September 8, 1989, advising her that she would not be permitted to visit mother at Maryhouse unless accompanied by Tipps or another brother.

On December 5, 1989, Maryhouse filed a complaint for a preliminary injunction against Jane in circuit court. On April 2, 1990, following a hearing, circuit court entered findings of fact and conclusions of law together with an order granting the preliminary injunction. The preliminary injunction required Jane to follow the ground rules for visiting mother established by Tipps and Maryhouse, and enjoined Jane from giving staff members any suggestions for the care of mother except in writing and from talking to other residents or

their families except for social greetings. The preliminary injunction did not expressly require Jane to be accompanied by a brother when visiting Maryhouse.

In the fall of 1990, Maryhouse filed an application to make the preliminary injunction against Jane permanent. A second hearing was held October 29, 1990. On November 15, 1990, the circuit court entered findings of fact and conclusions of law which found, among other things, that Jane's behavior at Maryhouse was not affected by the April 2 preliminary injunction and that Jane expressed to the court her unwillingness to alter her behavior based on her belief, which she remained unable to support with evidence, that the Maryhouse staff was neglecting mother's care. On this basis, the court permanently enjoined Jane from entering Maryhouse unless in the company of one of her brothers or some other person approved by Maryhouse administrators. Jane appeals.

### Permanent Injunction

Our review of the circuit court's decision to grant the injunction is: (1) Were any of the facts found by the trial court clearly erroneous? and (2) If not, taking the facts as true, did the court abuse its discretion in granting the injunction?

Factual findings of the trial court are not set aside by this court unless they are "clearly erroneous." SDCL 15–6–52(a).

> In applying the clearly erroneous standard, our function is not to decide factual issues de novo. The question is not whether this court would have made the same findings that the trial court did, but whether on the entire evidence we are left with a definite and firm conviction that a mistake has been committed. *In re Estate of Hobelsberger,* 1970, 85 S.D. 282, 181 N.W.2d 455. This court is not free to disturb the lower court's findings unless it is satisfied that they are contrary to a clear preponderance of the evidence. *Potter v. Anderson,* [1970, 85 S.D. 142, 178 N.W.2d 743].

*Cunningham v. Yankton Clinic, P.A.,* 262 N.W.2d 508, 512 (S.D.1978). *See also In re Proceedings for Deposit in Court,* 417

N.W.2d 187, 188 (S.D.1987); *Smith v. Sponheim,* 399 N.W.2d 899, 901 (S.D.1987); *Wiggins v. Shewmake,* 374 N.W.2d 111, 114 (S.D.1985). Doubts about whether the evidence supports the court's findings of fact are to be resolved in favor of the successful party's "version of the evidence and of all inferences fairly deducible therefrom which are favorable to the court's action." *Cunningham v. Yankton Clinic,* 262 N.W.2d at 512 (citing *Potter v. Anderson, supra* ).

When, as here, the record of the evidence is incomplete because of Jane's decision not to order a hearing transcript, "we presume the trial court acted properly." *Nelson v. Nelson,* 454 N.W.2d 533, 535 n. 1 (S.D.1990) (citing *Isaak v. Isaak,* 278 N.W.2d 445 (S.D.1979); *Schurman v. Schurman,* 60 S.D. 489, 245 N.W. 39 (1932)). *See also* SDCL 15–26A–48; *Matter of C.M.,* 417 N.W.2d 887, 889 (S.D.1988); *State v. Hall,* 272 N.W.2d 308, 311 (S.D.1978). That which is not "part of the record before us in this appeal ... cannot be considered here." *Oberle v. City of Aberdeen,* 470 N.W.2d 238, 241.

The court's findings about Jane's actions at Maryhouse and her refusal to modify her actions are not only supported by the record, but Jane does not really contest their accuracy. She merely offers a more benign interpretation of her behavior and attempts to justify it by reference to her belief that Tipps, the Maryhouse staff and mother's doctor are involved in a conspiracy to neglect and abuse mother. However, the trial court found that Jane was unable to substantiate that belief despite a number of opportunities and that Jane conceded the paucity of evidence supporting her claims. Under our standard of review, we cannot conclude that the findings of fact were clearly erroneous.

The second question is whether, under these facts, the trial court abused its discretion by granting the injunctive relief requested by Maryhouse. SDCL 21–8–14 provides:

> Except where otherwise provided by this chapter, a permanent injunction may be granted to prevent the breach of an

obligation existing in favor of the applicant:

(1) Where pecuniary compensation would not afford adequate relief;

(2) Where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief;

(3) Where the restraint is necessary to prevent a multiplicity of judicial proceedings; or

(4) Where the obligation arises from a trust.

The granting of an injunction "rests in the discretion of the trial court." *Gross v. Conn. Mut. Life Ins. Co.*, 361 N.W.2d 259, 264 (S.D.1985) (citing *Hofer v. Bridgewater Ind. Sch. Dist.*, 76 S.D. 483, 81 N.W.2d 300 (1957)); *Foley v. City of Yankton*, 89 S.D. 160, 230 N.W.2d 476, 478 (1975). We will not reverse the court's order granting the injunction unless we find that the court abused its discretion. "The term 'abuse of discretion' refers to a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Gross v. Gross*, 355 N.W.2d 4, 7 (S.D.1984) (citing *Rykhus v. Rykhus*, 319 N.W.2d 167 (S.D.1982)).

Summarizing South Dakota case law, there are four basic factors to guide the court in the exercise of its discretion concerning injunctive relief:

(1) Did the party to be enjoined cause the damage? *Brookings Mall, Inc. v. Cpt. Ahab's Ltd.*, 300 N.W.2d 259, 264 (S.D.1980); *Foley v. City of Yankton*, 230 N.W.2d at 479.

(2) Would irreparable harm result without the injunction because of lack of an adequate and complete remedy at law? *Gross v. Conn. Mut. Life Ins. Co.*, 361 N.W.2d at 265; *Brookings Mall v. Cpt. Ahab's*, 300 N.W.2d at 264; *Hein v. Marts*, 295 N.W.2d 167, 171 (S.D.1980).

(3) Is the party to be enjoined acting in bad faith or is its injury-causing behavior an "innocent mistake"? *Foley v. City of Yankton, supra.*

(4) In balancing the equities, is the "hardship to be suffered by the [enjoined party] ... disproportionate to the ... benefit to be gained by the injured party"? *Brookings Mall v. Cpt. Ahab's, supra; Foley v. City of Yankton, supra.*

The facts indicate that Jane's behavior caused distress to the Maryhouse staff and other visiting families and created an increased medical risk to mother and other residents. This continuing injury is "irreparable harm" because it cannot be reduced to or solved by an award of money damages, and thus Maryhouse has no adequate and complete remedy at law. 42 Am.Jur.2d *Injunctions* § 49 (1969) ("[A]n injury is irreparable ... where ... it cannot be readily, adequately, and completely compensated [ ] with money"); *cf. Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 952–953, 39 L.Ed.2d 166 (1974). The court also found that Jane expressed her determination not to voluntarily comply with the rules of Maryhouse, and therefore the harm caused is not a matter of an innocent mistake on Jane's part for which injunctive relief is unnecessary. Finally, considering the many opportunities Jane had to modify her behavior short of permanent injunction, the potential harm to Maryhouse and its residents and the fact that Jane will continue to have supervised access to mother, the equities are not disproportionately against the granting of the injunction.

We find no abuse of discretion in the trial court's grant of the permanent injunction. Affirmed.

MILLER, C.J., and WUEST, HENDERSON and AMUNDSON, JJ., concur.