**Gary W. FRIENDSHUH, Plaintiff and Appellee,**

**v.**

**Kathy M. HEADLOUGH, Defendant and Appellant.**

**No. 17814.**

Supreme Court of South Dakota.

Considered on Briefs March 18, 1993.

Decided Aug. 4, 1993.

Kenneth R. Dewell of Viken, Viken, Pechota, Leach & Dewell, Rapid City, for plaintiff and appellee.

John J. Delaney of Johnson Huffman, a Professional Corp. of Lawyers, Rapid City, for defendant and appellant.

PER CURIAM.

Kathy M. Headlough (hereinafter "Kathy") appeals a judgment awarding Gary W. Friendshuh (hereinafter "Gary") legal custody of Daniel, their infant son. We affirm in part but reverse the rotating custody arrangement established by the trial court. We remand for further proceedings consistent with this opinion.

## FACTS

Gary is a fifty-year-old self-described mountain man who prides himself on his self-reliance and traditional values. He and Irene Friendshuh successfully raised three sons. In 1987, Gary and Irene Friendshuh were divorced after twenty-four years of marriage because Irene tired of Gary's mountain man lifestyle and became involved with another man. Their three sons are apparently well-adjusted and successful adults. Those sons testified that Gary was a good father, had taught them a good work ethic and given them a strong sense of moral values. They testified that although Gary used corporal punishment while they were growing up, it was never excessive.

Kathy is forty-one years old. She became pregnant by Mark Headlough and married him in 1972. They eventually had three children before they were divorced in 1979. Kathy then met another man and entered a short-term relationship which resulted in an illegitimate child. Kathy married another man in 1987 and divorced him in 1988.

Kathy and Gary met through mutual friends. Shortly after that, Kathy and her children moved onto Gary's ranch. Because of problems in their relationship, Kathy and Gary decided to separate. They reconciled when Kathy discovered she was pregnant. Later, they lost the baby due to a miscarriage. After another separation and reconciliation, Kathy became pregnant again and in January 1991 gave birth to Daniel. Kathy and Gary never married

and eventually separated as a result of their differences. Gary initiated this custody action because he was concerned he would lose contact with Daniel because Kathy was thinking about moving from South Dakota.

The trial court heard the testimony, judged the credibility of the witnesses, and found that both Kathy and Gary were fit and capable parents. Still, the trial court had to choose which parent should have custody. The trial court decided that Gary should have permanent custody, but that Kathy should retain physical custody until Daniel reaches two years of age, at which time Gary and Kathy would rotate physical custody every two months. The trial court entered extensive findings of fact in support of its decision. Kathy filed a motion for reconsideration which the trial court denied. Kathy appeals and challenges several of the trial court's findings of fact as well as its ultimate custody decision.

## DECISION

### THE TRIAL COURT'S FINDINGS WERE NOT CLEARLY ERRONEOUS.

█ Kathy alleges that eight of the trial court's findings of fact were clearly erroneous. A trial court's findings will not be reversed unless, after reviewing the evidence, this Court is left with a definite and firm conviction that a mistake has been made. *Matter of A.M.*, 292 N.W.2d 103 (S.D.1980). In other words, this Court will not reverse unless the trial court was clearly erroneous. SDCL 15–6–52(a). After reviewing the entire record and carefully considering each finding of fact challenged by Kathy, we cannot say the trial court was clearly erroneous with respect to any of those findings of fact. There is evidence in the record which, if believed by the trial court, supports each finding of fact.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN GRANTING CUSTODY TO GARY.

█ The trial court has broad discretion in awarding custody and will be re-

versed only if there is a clear showing of an abuse of discretion. *Madsen v. Madsen,* 456 N.W.2d 551 (S.D.1990); *Peterson v. Peterson,* 449 N.W.2d 835 (S.D.1989). Child custody is to be decided based on what is in the best interests of the child with respect to its temporal, mental and moral welfare. *Peterson,* 449 N.W.2d at 837. SDCL 30–27–19.

■ The trial court specifically found that both Kathy and Gary are fit and capable parents. However, the trial court was concerned with Kathy's beliefs concerning medical care because she relies primarily on chiropractic care and takes the children to a physician only when absolutely necessary. The trial court was very concerned that Kathy consistently chose to ignore the advice of her physician regarding medical care necessary for her children, including her insistence that Daniel should not be vaccinated against common childhood diseases. Also troubling was her insistence on breast feeding Daniel indefinitely, in direct contradiction to the recommendation made by the family physician. The trial court concluded that Gary's medical beliefs are "more consistent with what is generally recognized as being sound medical attention to the needs of a baby."

Second, the trial court clearly felt that Gary was in some respect a better parent than Kathy. The trial court was impressed by the stature and bearing of Gary's three adult sons. The trial court concluded that although Kathy's children were obviously close to her, she had not been as successful at providing discipline and structure to their lives.

Third, the trial court was concerned that if Kathy was granted custody she might take Daniel to another state and break all ties between him and Gary. Ordinarily, siblings should not be split unless there are "compelling circumstances." *Mayer v. Mayer,* 397 N.W.2d 638 (S.D.1986). The trial court found that the danger of Kathy taking Daniel outside South Dakota was a compelling circumstance justifying the separation of siblings.

The trial court was forced to make a choice between two capable parents. After considering all of the evidence, the trial court concluded it was in Daniel's best interests for Gary to have permanent custody. After carefully reviewing the settled record we cannot say the trial court abused its discretion.

THE TRIAL COURT ABUSED ITS DISCRETION BY ESTABLISHING A ROTATING TWO–MONTH PHYSICAL CUSTODY.

■ Neither Kathy nor Gary requested rotating two-month custody. Dr. Harold Snow, a psychologist who did a home study, did not recommend the rotating two-month custody, but instead suggested that Daniel needed a stable custodial environment. Dr. Lee Pfeiffer, a psychologist hired by Kathy, recommended that the two-month rotating custody would be harmful to Daniel. Still, the trial court mandated a rotating physical custody arrangement.

Since neither party requested the two-month rotating custody and both psychologists stated that a stable physical custody environment would be best, we must conclude the trial court abused its discretion. *See Madsen* and *Peterson, supra.* While we affirm the trial court's decision to award permanent custody to Father, we reverse that portion of the trial court's order which established a rotating physical custody arrangement. We remand so the trial court can enter a new order establishing a visitation schedule which is supported by the evidence in the record. We specifically note that on remand the trial court's decision should be based only on the record as it existed before the trial court when it made its original decision. We also note that based on this record Mother is entitled to reasonable visitation.

MILLER, C.J., WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.