1999 SD 47

**John SHERBURN, Plaintiff and Appellee,**

v.

**PATTERSON FARMS, INC., and Ronnie Patterson, Defendants and Appellants.**

No. 20584.

Supreme Court of South Dakota.

Considered on Briefs Feb. 24, 1999.

Decided April 14, 1999.

Jason A. Campbell, Britton, South Dakota, for plaintiff and appellee.

Michael D. Stevens, Blackburn, Stevens & Fox, Yankton, South Dakota, for defendants and appellants.

SABERS, J.

[¶ 1.] Ronnie Patterson and Patterson Farms, Inc. (Patterson) appeal an order by the circuit court which denied a prescriptive easement and issued a permanent injunction requiring Patterson to either remove a dike located on his property or install culverts to allow for the flow of water at ground level. We affirm in part and reverse and remand in part.

### FACTS

[¶ 2.] On February 21, 1994, John Sherburn sued Patterson seeking to enjoin Patterson from obstructing the flow of water across his land. Patterson's property is located north of Sherburn's property.[1] Sherburn claimed that a dike located on Patterson's property caused flooding on his property. Part of the dike has been locat-

---

1. The natural flow of water in this area is north-    erly and westerly.

ed on the property since at least 1939 and apparently did not cause flooding problems until enlarged by Patterson in 1993 on the west end (western extension).[2]

[¶ 3.] A court trial was held April 15–16, 1998. The trial court found that there was not a prescriptive easement to allow Patterson to obstruct the natural flow of water. It voided the Vested Drainage Right Registration Form filed by Patterson and issued a permanent injunction ordering Patterson to either remove the entire dike or install culverts in order to allow for the flow of water at ground level. Patterson made a motion for a new trial which was denied by the trial court.

[¶ 4.] Patterson appeals claiming that: 1) a new trial should be granted because an irregularity in the proceedings prevented him from receiving a fair trial; 2) a prescriptive easement was established as a matter of law; and 3) the trial court abused its discretion in granting a permanent injunction.

## STANDARD OF REVIEW

■■■ Our standard of review of the trial court's findings of fact is under a clearly erroneous standard. *Jasper v. Smith,* 540 N.W.2d 399, 401 (S.D.1995); *Muhlenkort v. Union County Land Trust,* 530 N.W.2d 658, 660 (S.D.1995). The trial court's findings will not be disturbed unless the court is "firmly and definitely convinced a mistake has been made." *Jasper,* 540 N.W.2d at 401. Conclusions of law, on the other hand, are reviewed under a de novo standard, giving no deference to the trial court's conclusions of law. *Id.*

*City of Colton v. Schwebach,* 1997 SD 4, ¶ 8, 557 N.W.2d 769, 771.

2. Testimony indicated that a previous owner constructed the dike to allow milk cows to cross the water without getting muddy. In 1930, the dike was enlarged with old tree stumps and other junk. The purpose was not to obstruct the flow of water, but to clean up the land. Patterson purchased the land in 1990 and extended the west end of the dike in 1993.

**[¶ 5.] 1. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PATTERSON'S MOTION FOR A NEW TRIAL.**

■ [¶ 6.] At the close of Sherburn's case, Patterson moved for a directed verdict. The trial court denied the motion. In doing so, it stated that a prescriptive easement "probably" existed up to 1980 when the dike was enlarged. Patterson claims that the trial court actually ruled that a prescriptive easement existed as a matter of law. He further claims that the trial court's statement "altered the entire presentation of the case and impacted upon all issues before the [c]ourt." He claims that this was an irregularity in the proceedings which denied him a fair trial.

[¶ 7.] SDCL 15–6–59(a)(1) provides:
A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes: (1) Irregularity in the proceedings of the court, jury, or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial[.]

■■ [¶ 8.] The decision to grant a new trial is left in the sound judicial discretion of the trial court. *Harter v. Plains Ins. Co., Inc.,* 1998 SD 59, ¶ 9, 579 N.W.2d 625, 629 (quoting *Schuldies v. Millar,* 1996 SD 120, ¶ 8, 555 N.W.2d 90, 95 (citation omitted)). The trial court's decision will not be disturbed absent a clear showing of abuse of discretion. *Id.*

■ [¶ 9.] "In all actions tried upon the facts without a jury ..., the court shall unless waived as provided in § 15–6–52(b) find the facts specially and state separately its conclusions of law thereon[.]" SDCL 15–6–52(a). The trial court found in its findings of fact and conclusions of law that there was not a prescriptive easement allowing Patterson to impede the natural flow of water.[3]

3. In its memorandum opinion, which was incorporated into its findings of fact and conclusions of law, the trial court stated:
At the close of the Plaintiff's case, the Court made the comment that perhaps a prescriptive easement existed on the dike's formation up until 1980[.] However, in reviewing the evidence, the Court was in err inasmuch as it would have to be based on assumption rather than evidence.

"Any expression of opinion or views by the trial judge extraneous to his decision in the manner and form contemplated by law is of no binding force or effect as a matter of law either upon the trial judge himself or any one else." *Mellema v. Mellema,* 407 N.W.2d 827, 829 (S.D.1987) (quoting *Western Bldg. Co. v. J.C. Penney Co.,* 60 S.D. 630, 636–37, 245 N.W. 909, 911–12 (1932)). In denying the motion for directed verdict, the trial court merely stated that "perhaps a prescriptive easement existed on the dike's formation up until 1980" and did not find as a matter of law that a prescriptive easement existed. Any reliance by Patterson on the statement of the trial court was misplaced. Patterson has not shown that the trial court abused its discretion in denying his motion for a new trial and, therefore, we affirm.

[¶ 10.] We note that even if the trial court erred, Patterson could not show any prejudice resulting therefrom because, as shown in issue 3, Patterson receives everything he would be entitled to even if he had not been "mislead." In fact, the result is exactly the same as if he had a prescriptive easement as to the eastern portion of the dike.

### [¶ 11.] 2. WHETHER A PRESCRIPTIVE EASEMENT EXISTS AS A MATTER OF LAW.

[¶ 12.] Patterson claims that there is "sufficient evidence to prove that he holds a vested right to a prescriptive easement as a matter of law based upon the structural size of the dike as it existed prior to 1980." The trial court found that a prescriptive easement did not exist. We agree that there is no prescriptive easement as to the western extension.

> For rural surface water drainage, South Dakota follows the "civil law" rule, which burdens "lower agricultural property ... with an easement under which the dominant, or upper property owners may [reasonably] discharge surface water over the servient estate through natural watercourses." "[T]he rule allows discharge of surface waters 'over' and not 'on' the land of another." A lower property owner cannot interfere with the natural flow of sur-

> face water to the detriment of an upper property owner.

*Knodel v. Kassel Township,* 1998 SD 73, ¶ 10, 581 N.W.2d 504, 507–08 (citations omitted) (alterations in original).

[¶ 13.] To claim a prescriptive easement, an individual must show "open, continued, and unmolested use of the land in the possession of another for the statutory period." *Steiner v. County of Marshall,* 1997 SD 109, ¶ 18, 568 N.W.2d 627, 631 (quoting *Wolff v. S.D. Game, Fish & Parks Dep't,* 1996 SD 23, ¶ 28, 544 N.W.2d 531, 536 n. 5 (citations omitted)). The statutory period is twenty years. *Steiner,* 1997 SD 109 at ¶ 20, 568 N.W.2d at 632 (citing *Wolff,* 1996 SD 23 at ¶ 28, 544 N.W.2d at 536 n. 5). " 'The cause of action accrues and the statute begins to run when the landowner sustains the damage from the overflow.' " *Steiner,* 1997 SD 109 at ¶ 19, 568 N.W.2d at 631 (quoting *Heezen v. Aurora County,* 83 S.D. 198, 206, 157 N.W.2d 26, 31 (1968)).

> "Where obstructions erected by defendant, or other acts or omissions by him, not of themselves unlawful as to plaintiff, cause water to overflow plaintiff's land, a cause of action accrues and the statute begins to run when plaintiff sustains damage from the overflow, not when the obstructions are erected or the other acts or omissions occur[.]"

*Steiner,* 1997 SD 109 at ¶ 9, 568 N.W.2d at 631 (alteration in original) (quoting 54 CJS *Limitations of Actions* § 172 (now § 181)).

[¶ 14.] The trial court found that "[t]here was no damage to Sherburn's property prior to the 1993 construction of the [western] extension by [Patterson], when water was impounded to the south on Sherburn's land and blocked from the natural drainage course." Patterson has not shown that the trial court's finding of fact is clearly erroneous. Therefore, no prescriptive easement exists as to the western extension because the statutory period could not even begin until Sherburn suffered damage after the 1993 construction.

**[¶ 15.] 3. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE PERMANENT INJUNCTION.**

[¶ 16.] Patterson argues that "Sherburn's failure to provide the [t]rial [c]ourt with the prerequisite showing that he did not have an adequate remedy at law is fatal to his equitable cause of action[.]" He claims that the trial court abused its discretion in granting Sherburn a permanent injunction. In the alternative, he claims that the permanent injunction should be limited to the 1993 extension of the dike and should not affect the original structure.

[¶ 17.] The decision to grant a permanent injunction rests in the discretion of the trial court. *Maryhouse, Inc. v. Hamilton*, 473 N.W.2d 472, 475 (S.D.1991) (citations omitted). "We will not reverse the court's order granting the injunction unless we find that the court abused its discretion." *Id.*

[¶ 18.] "A suit for injunction is inherently an equitable action." Knodel, 1998 SD 73 at ¶ 8, 581 N.W.2d at 507 (citations omitted). "An essential element to equitable relief is the lack of an adequate remedy at law." *Id.* (citations omitted).

[¶ 19.] SDCL 21–8–14 provides:

Except where otherwise provided by this chapter, a permanent injunction may be granted to prevent the breach of an obligation existing in favor of the applicant:

(1) Where pecuniary compensation would not afford adequate relief;

(2) Where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief;

(3) Where the restraint is necessary to prevent a multiplicity of judicial proceedings; or

(4) Where the obligation arises from a trust.

[¶ 20.] The four basic factors to be considered are:

1) Did the party to be enjoined cause the damage? *Brookings Mall, Inc. v. Cpt. Ahab's Ltd.*, 300 N.W.2d 259, 264 (S.D.

1980); *Foley v. City of Yankton*, 89 S.D. 160, 230 N.W.2d 476, 479 (1975).

2) Would irreparable harm result without the injunction because of lack of an adequate and complete remedy at law? *Gross v. Conn. Mut. Life Ins. Co.*, 361 N.W.2d 259, 265 (S.D.1985); *Brookings Mall, Inc.*, 300 N.W.2d at 264; *Hein v. Marts*, 295 N.W.2d 167, 171 (S.D.1980).

3) Is the party to be enjoined acting in bad faith or is its injury-causing behavior an "innocent mistake"? *Foley*, 230 N.W.2d at 479.

4) In balancing the equities, is the "hardship to be suffered by the [enjoined party] ... disproportionate to the ... benefit to be gained by the injured party"? *Brookings Mall, Inc.*, 300 N.W.2d at 264; *Foley*, 230 N.W.2d at 479. [See also *Harksen v. Peska*, 1998 SD 70, ¶¶ 32–34, 581 N.W.2d 170, 176.]

*Maryhouse, Inc.*, 473 N.W.2d at 475.

[¶ 21.] It is clear the trial court did not abuse its discretion in granting a permanent injunction. However, Patterson claims in the alternative that the injunction should be limited to the 1993 western extension and should not affect the original structure of the dike. In reviewing findings of fact # 13 and # 18, we note that the trial court specifically found that no flooding damage occurred until after construction of the 1993 western extension. Therefore, the permanent injunction is proper as to the western extension only. We reverse and remand for the trial court to limit the permanent injunction to removal of the western extension or the installation of culverts to allow the flow of water at ground level as ordered.

[¶ 22.] MILLER, Chief Justice, and AMUNDSON, KONENKAMP and GILBERTSON, Justices, concur.